**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KNIGHTS OF COLUMBUS COUNCIL 2616, and | : | CIV. NO. 3:22-cv-01579(AWT) |
| JOSEPH P. SARGENT, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF FAIRFIELD, ET AL., | : | |
| | : | |
| Defendants. | : | JUNE 26, 2023 |

<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>

Defendants Town of Fairfield ("Town"), Anthony R. Calabrese, and Brian Nerreau, respectfully submit this reply to plaintiffs' opposition to defendants' motion to dismiss (Doc. 27, "Pl's Op.").

**I.**      <u>**The Plaintiffs Were Never Actually Prevented from Conducting Their Vigil**</u>

It must be restated at the outset that the plaintiffs were never actually prevented from conducting their Christmas Vigil in any given year. Although plaintiffs have framed this case as a denial of constitutional rights, they have now held their vigil on Town property for forty consecutive years. The only conduct at issue is a two-year period during which the plaintiffs were not permitted to *change* their location; further, since the initial filing of this lawsuit, the plaintiffs have now received approval for their desired location change. The plaintiffs consistently downplay or ignore the above; however, as outlined in defendants' motion to dismiss and further herein, these facts aid in precluding, or outright preclude many of plaintiffs' claims.

1

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

## II.   Plaintiffs Cannot Pursue Injunctive Relief Because There is No Real or Immediate Threat of Future Injury and Plaintiffs Have Not Alleged Irreparable Harm

Plaintiffs' opposition fails to remediate the deficiency in their prayer for injunctive relief—the lack of real or immediate threat of future injury that precludes standing.  As defendants stated in their motion to dismiss, plaintiffs "cannot rely on [alleged] past injury to satisfy the injury requirement." Doc. 19 at 5 (quoting Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004).

The plaintiffs' argument that "when the [p]laintiffs apply for the Christmas Vigil again this year, they will be subjected to the very same [allegedly] constitutionally infirm Regulations, Special Event Procedures, and customs" is not sufficient for standing here.  "[T]hat plaintiffs might be subjected to the same procedures upon reapplying [is] too abstract for purposes of injunctive relief, which is designed to address actual and imminent injury to a plaintiff."  Doc. 19 at 6 (quoting Connecticut Citizens Defense League, Inc. v. Thody, No. 21-CV-1156, 2023 WL 2687446 at *8, (D. Conn. Mar. 28, 2023).

In addition to lacking standing, plaintiffs have not and cannot show that they will suffer irreparable harm in the absence of an injunction.  "A party seeking injunctive relief must demonstrate [*inter alia*] that it will suffer irreparable harm without an injunction … the extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted.  Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." Aqleh v. Cadlerock Joint Venture II, L.P., 299 Conn. 84, 97-98 (2010).  Here, the plaintiffs' 2022 application for Sherman Green was granted.  There is no allegation that the defendants have any

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

intention to reject a future Sherman Green application, let alone any showing of a substantial probability of resulting irreparable harm. The plaintiffs do not have standing to pursue an injunction, and further have not plead facts that might be sufficient to grant an injunction, and any claim reliant on injunctive relief must be dismissed accordingly.

**III.      Plaintiffs Cannot Pursue a Declaration that its Federal Rights Were Violated in the Past**

The defendants do not address this District Court's holding that "declarations that a defendant violated federal law in the past are prohibited." Doc. 19 at 6 (citing Omar Islamic Center Inc. v. City of Meriden, No, 19-CV-00488 (SVN), 2022 WL 4599150, at *10). See also S.E.C. v. Credit Bancorp, Ltd., 738 F. Supp. 2d 376, 388 ("declaratory judgment is inappropriate where the moving party seeks to adjudicate past conduct"); Gianni Sport Ltd. v. Metallica, 2000 WL 1773511 at *4 (S.D.N.Y. Dec. 4, 2000) ("[t]here is no basis for declaratory relief where only past acts are involved").

Thus, plaintiffs' pursuit of a declaration that "[d]efendants' unlawfully obstructed the [p]laintiffs from exercising the [p]laintiffs' constitutional protected rights by [listing four alleged bases for past infringement]"[1], is improper.

**IV.      Plaintiffs Claims for Declaratory Relief that the Regulations are Unconstitutional Must Also Fail**

In addition to seeking a declaration that their federal rights were violated in the past, plaintiffs seek further declaration that the Regulations are unconstitutional and invalid under the First and Fourteenth Amendments to the United States Constitution. See Complaint at 40-41. Although the

---

[1] Plaintiff's Complaint at 41.

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

plaintiffs are correct that "voluntary cessation of challenged conduct does not ordinarily render a case moot", their claim for a declaratory finding that the Regulations are unconstitutional fails for the same reasons that their respective First and Fourteenth Amendment challenges fail, as outlined in defendants' motion to dismiss and further herein.

It should be further noted that given the plaintiffs' withdrawal of Count Five, their claim for a declaration that the Regulations are unconstitutional under the Connecticut State Constitution is no longer applicable.  See Pl's Op. at 21; Complaint at 41.

## V.   The Denial of the 2020 Application to Change Location During the Height of the COVID-19 Pandemic Was Entirely Reasonable

Rational basis review "requires that courts refrain from second-guessing state governments' responses [during pandemics] unless there is no real or substantial relation between the actions and the public health and safety or the action is beyond all question, a plain, palpable invasion of rights.  Even constitutional rights, including First Amendment rights, are subject to reasonable conditions to preserve public health."  Amato v. Elicker, 460 F. Supp. 3d 202, 219 (D. Conn. May 19, 2020) (quoting in part Jacobson v. Massachusetts, 197 U.S. 11 (1905)).

Here, the plaintiffs' downplaying of the fact that their application requested a *change* in location is especially significant, as they submit that the "decision to refuse to allow the Plaintiffs to use the Sherman Green for their Christmas Vigil was not narrowly tailored to a compelling state interest."   Pl's Op. at 15. This is the incorrect standard of review; further, the first year of the COVID-19 pandemic and the accompanying levels of uncertainty and caution during this time have been well documented.  To

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

suggest that the Town's decision was unreasonable—not to approve a change in location, for the first time in thirty-seven years and in the middle of a pandemic, *while still allowing the vigil to be conducted at Town Hall Green*—is absurd. The plaintiffs cannot plausibly defeat rational basis review here, and these claims must be dismissed.

**VI.** **Plaintiffs' Facial Challenges Must Be Dismissed Because The Regulations are Not Directed Narrowly and Specifically at Expression or Conduct Commonly Associated With Expression**

The plaintiffs' facial challenges remain deficient because the Town's Regulations are not "directed narrowly and specifically at expression or conduct commonly associated with expression," and thus cannot constitute a prior restraint on expressive activity. City of Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750, 760 (1988). As defendants noted in their motion to dismiss, facial challenges have traditionally been directed toward statutes that clearly and specifically regulate expressive activity, such as motion picture distribution or the distribution of leaflets. See Doc. 19 at 7-8. A review of every case cited by plaintiffs in their opposition only strengthens the defendants' argument here:

In Alexander v. United States, 509, U.S. 544 (1993), the Supreme Court refers to restraining orders and permanent injunctions forbidding speech activities as "classic examples of prior restraints" and offers three specific examples—injunctions against allegedly malicious newspaper publication, against the distribution of leaflets, and against prohibition of films that have not yet been found to be obscene. See id., at 550. In Freedman v. Maryland, 380 U.S. 51 (1965), the Supreme Court invalidated a statute specifically directed at motion picture censorship. In Nebraska Press Ass'n v. Stuart, 427 U.S. 539 (1976), the Supreme Court overturned an order from the Supreme Court of Nebraska that enjoined news media from publishing

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

or broadcasting facts that might strongly implicate a criminal defendant prior to trial.  In <u>Bantam Books, Inc. v Sullivan</u>, 372 U.S. 58 (1963), the Supreme Court invalidated a Rhode Island law that created a "Commission to Encourage Morality in Youth" designed to prevent distribution of allegedly immoral material.  And in <u>Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750</u>, the Supreme Court invalidated a statute concerning a licensing system directed at the circulation of newspapers.

Here, the Town's regulations are plainly and materially distinct from each and every one of the cases that plaintiffs themselves rely on to bring a facial challenge, and are much more reasonably understood as regulations regarding public health, safety and coordination, as opposed to anything that might target expressive conduct.

**VII.**   <u>**Plaintiffs Have Not Rectified The Deficiencies With Their "As Applied" Challenges**</u>

The plaintiffs continue to misunderstand "as applied" challenges and provide no support as to why these challenges should not be dismissed.  Plaintiffs' opposition states "[t]he Complaint specifically identifies § 11-(a), § 37 of the Regulations, along with the Special Event Procedures as being unconstitutional prior restraints which are also violative of the unbridled discretion doctrine."  Pl's Op. at 17.  But this is the same argument set forth by plaintiffs in their opposition regarding facial challenges and does nothing to further their argument here; a prior restraint allegation is incongruent with an 'as applied' allegation.  "When a licensing statute [allegedly] vests unbridled discretion in a government official … [s]uch a statute constitutes a prior restraint …*that can be effectively alleviated only through a facial challenge*."  <u>Lakewood</u>, 486 U.S. at 750 (emphasis added).

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

In contrast, "[a]n 'as applied challenge' [] requires an analysis of the facts of a particular case to determine whether the *application of a statute*, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." Field Day, LLC v. County of Suffolk, 463 F.3d 167, 174 (2006) (emphasis added). Again, plaintiffs have failed to allege any connection between the facts of their case and the text of the Regulations, such that there is reason to believe that the Regulations could be unconstitutional as applied to them. A regulation limiting the ability of individuals or groups to gather on weekends might be argued as unconstitutional as applied to plaintiffs; so too might a regulation limiting the ability to gather on holidays. But here, plaintiffs have offered no support for an "as applied" challenge and these claims must be dismissed.

## VIII.   Plaintiffs Cannot Proceed on Their Equal Protection Claim Because They Have Not Sufficiently Alleged Similarly Situated Comparators

The plaintiffs' failure to allege similarly situated comparators prevents them from proceeding on their equal protection claim under either selective enforcement or class-of-one theories. While the alleged comparators of course need not be literally identical, the plaintiffs cannot meet the standard described by the courts that plaintiffs themselves cite in their opposition—that plaintiffs and their comparators were "similarly situated in all material respects."[2]

---

[2] "When considering whether a plaintiff has raised an inference of discrimination by showing that she was subject to disparate treatment, we have said that the plaintiff must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." Graham v. Long Island R.R, 230 F.3d, 34, 39; see Hu v. City of New York, 927 F.3d 81, 96 (2d Cir. 2019) (citing Graham); Fahrenkrug v. Verizon Services Corporation, 652 Fed. Appx. 54, 56 (2d Cir. 2016).

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

The plaintiffs have not reconciled the two material differences raised in defendants' motion to dismiss—that plaintiffs here were seeking to *change* their desired location, and further, that their overnight event was unlike any other recent event at Sherman Green.  See Doc. 19 at 10.  The plaintiffs fail to acknowledge the first difference; regarding the second difference, they state that "[p]laintiffs identified another charitable group that was allowed to use the Sherman Green for a temporary hockey rink, overnight, for three days."  Pl's Op. at 20.  However, these temporary hockey rinks were approved in 2017, and as plaintiffs themselves acknowledge, Mr. Nerreau stated on October 22, 2021, "there were 162 events since 2019, and of those events, 157 were either in the afternoon or concluded by 8 p.m.  There were some events held from 5 p.m. to 9 p.m., however *there were never any past 9 p.m.*"  Complaint at ¶ 115 (emphasis added).  Accordingly, in 2020 and 2021—the two years in which the Knights application was not approved—they have not pointed to a single comparator that was permitted to use the green for an overnight event, let alone one that was seeking to *change* their location.  These plain material differences make it "clear that no reasonable jury could find the similarly situated prong met", and plaintiffs' equal protection claims should thus be dismissed.  Fahrenkrug v. Verizon Services Corporation, 652 Fed. Appx. 54, 57 (2d Cir. 2016).

## IX.     Plaintiffs Should Not Be Permitted to Amend Their Complaint to Add Any Individual Capacity Claims as These Claims Would Be Barred by Qualified Immunity

To the extent plaintiffs seek to amend their complaint to add individual capacity claims, this request should be denied due to these claims being barred by the doctrine of qualified immunity.  Qualified immunity shields municipal officials from both liability and lawsuit under 42 U.S.C. § 1983, unless it can

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

be shown that such official's actions violated clearly established rights about which an objectively reasonable official would have known.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'"  Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).

Here, it cannot be reasonably said that Mr. Calabrese nor Mr. Nerreau violated any clearly established rights.  The inquiry is not whether either individual should have known of the existence of constitutional rights in the abstract; rather, "clearly established law should not be defined at a high level of generality [but] must be 'particularized' to the facts of the case. . . .  Otherwise, plaintiffs would be able to convert the rule of qualified immunity … into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."  White v. Pauly, 580 U.S. 73, 79 (2017).  Thus, plaintiffs here would need to allege that these individuals should have known that their discretionary decisions not to support a change in location for the Knights' vigil would violate certain constitutional rights.  As outlined in defendants' motion to dismiss and herein, it cannot be said that any of defendants' alleged actions were objectively unreasonable.  Mr. Calabrese and Mr. Nerreau would thus be entitled to qualified immunity, and plaintiffs should not be permitted to amend their complaint to add claims that would ultimately be futile.

## X.   **CONCLUSION**

For the foregoing reasons, defendants respectfully move this court to dismiss all claims directed against them in plaintiff's Complaint.

9

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

DEFENDANTS, TOWN OF FAIRFIELD, ANTHONY R. CALABRESE, AND BRIAN NERREAU

BY /ss/ James N. Tallberg
    James N. Tallberg
    Federal Bar No.: ct17849
    Karsten & Tallberg, LLC
    500 Enterprise Drive, Ste. 4B
    Rocky Hill, CT 06067
    T: (860)233-5600
    F: (860)233-5800
    jtallberg@kt-lawfirm.com

## <u>CERTIFICATION</u>

I hereby certify that on June 26, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

<u>/ss/ James N. Tallberg</u>
James N. Tallberg

11

**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030